OPINION
Appellant Timothy Baker appeals a judgment of the Stark County Common Pleas Court convicting him of Felonious Sexual Penetration (R.C. 2907.12) with a force specification, and two counts of Gross Sexual Imposition (R.C. 2907.05):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN REFUSING TO HEAR APPELLANT'S MOTION TO SUPPRESS.
 II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS CONTRARY TO LAW.
On August 20, 1996, Deputy Michael Veigh of the Stark County Sheriff's Department responded to a domestic violence call. Kristie Steele, who was appellant's girlfriend and the mother of Nikki Coleman, signed a domestic violence complaint against appellant. Steele told Deputy Veigh that there had been a confrontation between appellant and Steele's son, Jason. Steele also told the deputy that she was aware of an improper sexual relationship between appellant and Nikki. Deputy Veigh referred the allegation of sexual abuse to Sergeant Gary Shankle, who investigates child sex abuse cases for the Stark County Sheriff's Office.
The next day, Sergeant Shankle and a Human Services case worker interviewed Nikki. Nikki told them that appellant had been molesting her.
Later that day, Sergeant Shankle and the case worker interviewed appellant. During the interview, they told appellant of Nikki's allegations against him. At first, appellant stated that he could not remember if he ever molested Nikki. Thereafter, he denied having ever molested her.
Sergeant Shankle then directed appellant to a specific allegation of abuse which occurred on August 18, 1996. Appellant admitted that during the early morning hours of August 18, he was drunk, and went in Nikki's bedroom. He admitted that he touched Nikki's breasts and vaginal area under her clothing with his hand. He denied penetrating her vagina with his fingers. Appellant repeatedly stated that he had a drinking problem.
Sergeant Shankle asked appellant to write a confession. Appellant stated that he did not want to write a statement, but agreed to allow Shankle to write out the questions, read the questions to appellant, and record appellant's answers. Prior to recording the statement, Sergeant Shankle informed appellant of his Miranda rights. In response to Sergeant Shankle's question, appellant admitted that he touched Nikki's breasts with his hand and her vagina with his hand. He also admitted touching Nikki under her clothing. He denied touching her breasts with his penis, and denied touching her vagina with his finger.
Appellant was indicted on one count of Felonious Sexual Penetration, and two counts of Gross Sexual Imposition. The case proceeded to jury trial in the Stark County Common Pleas Court. Nikki was thirteen years old at the time she testified at trial. She testified that appellant began molesting her when she was in the third grade. Nikki testified that on several occasions, appellant touched her breasts and vagina. She testified that appellant made her touch his penis with her hand until he ejaculated, and moved his penis around on her breasts until he ejaculated. She also testified that appellant had penetrated her vagina with his finger. Nikki testified that the molestation usually occurred in the bedroom which she shared with her younger half-brothers, and they were usually present. Nikki testified that appellant told her that if she did not comply with his demands, and if she told anyone about his conduct, he would beat up her mother.
During appellant's case at trial, several of appellant's relatives testified that they met Nikki at the Stark County Fair on August 31, 1997. Appellant's cousin, Brenda McAlister, testified that she told Nikki that appellant was in jail awaiting trial for rape. According to the defense witnesses, Nikki responded that appellant had never raped her, that she only claimed that he molested her, and that she only made the allegations so that her mother would leave appellant. Nikki's mother testified at trial that three weeks earlier, while in therapy, Nikki claimed that appellant never had touched her. Steele admitted that she was still in a twelve-year relationship with appellant, and had two children with him.
Finally, appellant testified in his own defense. He denied ever confessing to the police. He claimed that he did not understand the questions Sergeant Shankle asked him, he simply signed the statement given to him by the officer. He claimed that he did not understand the meaning of the terms "penis" and "vagina" used by Shankle during the interview process.
Appellant was convicted as charged. He was sentenced to a term of life imprisonment for Felonious Sexual Penetration, and to four years incarceration on each count of Gross Sexual Imposition, to be served concurrently.
 I.
Appellant argues that the court erred in refusing to hear his motion to suppress, filed one day prior to trial.
Pursuant to Crim.R. 12(C), all pre-trial motions shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court, in the interests of justice, may extend the time for making pre-trial motions. Appellant concedes that his motion was untimely pursuant to Crim.R. 12(C). However, he argues that the interests of justice required that the motion be heard.
The right to a hearing on a motion to suppress is waived by an untimely request. Crim.R. 12(G); State vs. Wade (1978), 53 Ohio St.2d 182, death sentence vacated on other grounds, 438 U.S. 911. Where a party fails to timely file his motion, the judicial decision becomes one of exercising discretion, not enforcing a legal right. Massillon vs. Sheaks (February 5, 1990), Stark App. No. 7853, unreported.
Prior to trial, the following colloquy occurred concerning the late motion to suppress:
 MR. GUTIERREZ: Your Honor, I had filed a — and apparently the Prosecutor doesn't have his copy yet; I don't know whether the Court got his copy.
THE COURT: I haven't gotten anything.
 MR. GUTIERREZ: I filed a motion to suppress yesterday, late yesterday afternoon, and I think at least for the record the court should dispose of that one way or another.
 THE COURT: Okay. Well, it's not timely at this point in time —
MR. GUTIERREZ: All right.
THE COURT: — so I'll deny the motion to suppress.
Tr. (I)4-5.
Appellant now claims that the court abused its discretion in denying the motion without a hearing, as the interests of justice required a hearing. Appellant argues that there was no physical evidence to corroborate the allegations of abuse. Appellant also argues that the two notices of appellant's waiver of his constitutional rights, included on copies of the same document, bear different dates. Appellant further argues that Sergeant Shankle admitted that at the close of the interview, appellant requested an attorney.
Appellant made no attempt to argue to the trial court that the interests of justice required a hearing on the motion. In fact, it is apparent from the record that appellant made no attempt to insure that the prosecutor and the Judge both had a copy of the motion before them prior to trial. The court did not abuse its discretion in overruling the motion to suppress as untimely filed.
The first Assignment of Error is overruled.
 II.
Appellant argues that the Judgment of Conviction is against the manifest weight of the evidence. In considering a claim that a judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences therefrom, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way. State vs. Thompkins (1997), 78 Ohio St.3d 380,387. The discretionary power to grant a new trial should be exercised only in the exceptional case where the evidence weighs heavily against conviction. Id.
Appellant was charged with two counts of Gross Sexual Imposition pursuant to R.C. 2907.05(A)(4). This statute prohibits sexual contact with another, who is not the spouse of the offender, where the other person is less than thirteen years of age. Appellant was also charged with one count of Felonious Sexual Penetration, in violation of R.C. 2907.12. On the day of the offense, this statute prohibited a person, without privilege to do so, from inserting any part of the body, or any other object, into the vaginal or anal cavity of another, where the person is less than thirteen years of age.
Nikki testified graphically at trial that appellant rubbed his penis against her breasts until he ejaculated. She testified that he inserted his finger into her vagina. She further testified that he forced her to rub his penis until he ejaculated.
Sergeant Shankle confirmed that appellant confessed to some of the acts alleged by Nikki. Although copies of appellant's statement bore two different dates, the statements were identical in all other respects. Although Sergeant Shankle cannot explain how the same statement ended up being copied and labeled with two separate dates, he testified affirmatively that he only interviewed appellant once, on August 21, 1996.
Appellant relies on statements allegedly made by Nikki to appellant's cousin Brenda McAlister, and to his other relatives, at the Stark County Fair. All three witnesses who testified that Nikki claimed that she only said that appellant molested her to get him out of the house, were in some way related or connected to appellant. Nikki's mother testified that Nikki claimed in therapy that appellant never touched her. However, Kristie Steele was involved in an on-going relationship with appellant. Further, although she testified at trial that during the domestic violence call involving appellant, she did not inform authorities that appellant had been inappropriately involved with her daughter, her testimony was impeached by the testimony of Deputy Veigh. Deputy Veigh testified that when he responded to the domestic violence call, Kristie Steele told him that she was aware of an inappropriate sexual relationship between appellant and her daughter Nikki. Appellant further suggests that he never confessed to Sergeant Shankle, and was somehow framed by Shankle. He repeatedly points to his drinking problem as support for the proposition that he did not understand the questions being posed to him when he confessed. However, Sergeant Shankle's testimony contradicts appellant's testimony. In addition, appellant's testimony that he did not understand the meaning of the words "penis" and "vagina" is somewhat incredible.
Finally, appellant points to Nikki's inability to correctly remember the exact date of the last incident of abuse. She testified that the last incident occurred on August 30 or 31, 1996. She testified she remembered the date because September 1 was her birthday. The prosecutor noted during closing arguments that appellant was in custody on the domestic violence incident at that time. Regardless of Nikki's inability to remember the last incident of abuse, she testified that for approximately three years prior to that time, appellant would get into bed with her and perform sexual acts. She testified that this occurred approximately once a week.
The judgment is not against the manifest weight of the evidence.
The second Assignment of Error is overruled.
 III.
Appellant argues that the evidence at trial was legally insufficient to support his conviction.
Sufficiency is a term of art meaning the legal standard which is applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the jury verdict as a matter of law. Thompkins, 78 Ohio St.3d at 386. Sufficiency is a test of adequacy of the evidence, and whether the evidence is legally sufficient to sustain a verdict is a question of law. Id.
There was sufficient evidence to support the jury's verdict. In support of this Assignment of Error, appellant points only to Nikki's mistake in testifying that August 30 or 31 was the last date that appellant sexually molested her. Appellant argues that because he was confined during that period, he could not have abused her on that date, and therefore, the evidence is insufficient to support the conviction.
However, appellant ignores Nikki's testimony that the abuse began when she was in the third grade, and continued on a weekly basis through 1996. The evidence was legally sufficient to support the verdict.
The third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.